NOT DESIGNATED FOR PUBLICATION

No. 128,165

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MOSES MOORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., ARNOLD-BURGER, J., and ANDREA PURVIS, District Judge, assigned.

PER CURIAM: Moses Moore appeals the district court's summary denials of his motion for a nunc pro tunc order and his motion to reconsider. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In April 1997, the State filed a complaint charging Moore with one count of aggravated criminal sodomy, alleging that the victim was overcome by force or fear, or in

1

the alternative, that the victim was physically powerless. The district court presented the jury with a single instruction on the charged offenses incorporating both means. The instruction read, in pertinent part:

> "The defendant is charged . . . with the crime of aggravated criminal sodomy. The defendant pleads not guilty.
>
> "To establish this charge, each of the following claims must be proved:
>
> 1. That the defendant engaged in sodomy with [W.T.];
> 2. That the act of sodomy was committed without the consent of [W.T.] under circumstances when:
>    *he was either overcome by force or fear, OR he was physically powerless to resist;*
>    and
> 3. That this act occurred on or about the 3rd day of January,1997, in Sedgwick County, Kansas." (Emphasis added.)

A jury convicted Moore of one count of aggravated criminal sodomy, but the jurors did not select the means—force or fear, or powerlessness. Likewise, although the journal entry of judgment included the statute number K.S.A. 21-3506(a)(3) (Furse 1995) under which Moore was convicted, it too did not include any language showing by which means. In 1999, this court affirmed Moore's direct appeal in *State v. Moore*, No. 80,598, 1999 WL 35814752 (Kan. App. 1999) (unpublished opinion) (*Moore I*).

In 2006, Moore filed a K.S.A. 60-1507 motion claiming ineffective assistance of counsel. See *Moore v. State*, No. 101,710, 2010 WL 3245293, at *1 (Kan. App. 2010) (unpublished opinion) (*Moore II*). Moore alleged trial counsel was ineffective for failing to request separate jury instructions from the court on the two means and also claimed ineffective assistance of appellate counsel for failing to raise the erroneous instruction issue on direct appeal. Moore argued that "because there were not separate instructions, it is unclear which theory the jury relied on to convict him and, therefore, the jury may not

2

have been unanimous on either theory." 2010 WL 3245293, at *2. This court affirmed the district court's denial of the K.S.A. 60-1507 motion, finding that because there was sufficient evidence of each means of committing aggravated sodomy, any error in failing to instruct separately on each means was not reversible error. As a result, neither trial counsel nor appellate counsel were deficient. 2010 WL 3245293, at *3.

In November 2023, Moore filed a pro se motion requesting an order nunc pro tunc, which is the subject of this appeal. Moore claimed that the journal entry did not specify the alternative means of his conviction, which Moore claims is a clerical mistake that should be corrected by a nunc pro tunc order. In March 2024, the district court summarily denied Moore's motion, finding that any claim Moore made regarding jury unanimity and the alternative means was barred by res judicata. Moore timely filed a pro se motion to reconsider arguing that the district court misconstrued his motion as a claim regarding jury unanimity. The district court denied the motion to reconsider, finding that Moore "failed to set forth any facts or arguments that establish that he is entitled to relief." The court also referenced the previous finding in March 2024 in which "there was sufficient evidence to support all alternative means of committing the crime."

Moore timely appealed from the summary denials of his motions.

ANALYSIS

From time to time, court judgments get filed that contain errors. In Kansas, the Legislature has provided a way for those errors to be corrected through what is commonly referred to in legalese as a "nunc pro tunc" order. This is a Latin term meaning "'now for then.'" Black's Law Dictionary 1283 (12th ed. 2024). "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if

3

any, as the court orders." K.S.A. 22-3504(b); see *State v. Turner*, 317 Kan. 111, 113, 525 P.3d 326 (2023).

Clerical mistakes include "'typographical errors, incorrect statute numbers, failure to include the statute number, *failure to state additional true matter*, formal or clerical errors and entries concerning matters of procedure'" and are correctable by nunc pro tunc orders. (Emphasis added.) *State v. Smith*, 309 Kan. 977, 986, 441 P.3d 1041 (2019); *State v. Thomas*, 239 Kan. 457, 460, 720 P.2d 1059 (1986); see K.S.A. 22-3504(b).

Moore argues that because the criminal complaint contained alternative means by which the crime could have been committed—either force or fear, or powerlessness—a statutory subsection identifying the alternative means is an "'additional true matter.'" He asserts that the failure to include this in the judgment form constitutes a clerical mistake under K.S.A. 22-3504(b) which must be corrected.

Whether a nunc pro tunc order is required involves statutory interpretation, and "[s]uch interpretation presents a question of law over which appellate courts have unlimited review." *Turner*, 317 Kan. at 113-14. So the district court's analysis and whether it misconstrued Moore's argument is irrelevant to our consideration here. We go directly to Moore's claim on appeal—the necessity of a nunc pro tunc order—and find it unpersuasive.

As indicated, nunc pro tunc orders are to correct errors in the record. Courts cannot use the clerical error provision to make substantive changes to a lawfully imposed sentence. See *State v. Vanwey*, 262 Kan. 524, 527-28, 941 P.2d 365 (1997) (the district court erred in denying the motion to set aside a nunc pro tunc because the district court lacked jurisdiction to grant the nunc pro tunc order in the first place as there was no error in the judgment that could have been corrected under K.S.A. 22-3504[2]).

4

Moore has failed to establish that there is any error to correct. The journal entry complies with K.S.A. 22-3426(a) (Furse 1995). As applicable here, the statute simply requires that the journal of a conviction or sentence "shall contain a statement of the crime charged, and under what statute," the verdict, and the "sentence imposed, and under what statute." K.S.A. 22-3426(a) (Furse 1995). And when a journal entry does not include the statute in which the defendant was charged or sentence was imposed, this omission may be corrected. See *State v. Andrews*, 5 Kan. App. 2d 678, 681, 623 P.2d 534 (1981).

Here, however, the journal entry reflecting Moore's final judgment included the crime charged and its statute, the verdict, the sentence, and its statutory authority as required by K.S.A. 22-3426(a) (Furse 1995). Moore does not dispute this. Because there is no statutory requirement for an alternative means to be listed, the journal entry is not incomplete. See *Pennebaker v. Hudspeth*, 165 Kan. 662, 663, 197 P.2d 939 (1948) (rejecting a claim that the journal entry must reflect the section of the statute under which sentence was imposed because the statute in effect contained no such requirement). The same holds true for Moore. The journal entry contained everything that was required by law. There being nothing to correct, the district court did not err in denying Moore's request.

Because we find the court did not err in denying Moore's request for a nunc pro tunc order, we need not address the denial of his motion to reconsider.

Affirmed.

5